UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X          14 CV 1637 (NRB)

RAMON PONCE,

                              Plaintiff,

                                                                    VERIFIED
                                                                    COMPLAINT
            -against-                                               AND DEMAND FOR
                                                                    A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER JOHNSON
JACQUES, SHIELD # 05307 N.Y.C.
POLICE OFFICERS "JOHNDOE 1 & 2",
AND N.Y.C. POLICE OFFICER "JANE DOE",
SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES,

                              Defendants.

--------------------------------------------------------X

1.    This is an action for compensatory and punitive damages for violation of Plaintiffs'
rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the
United States, by reason of the unlawful acts of defendants.


                                    JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28
U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose
in this district.

                                      PARTIES

3.        Plaintiff is a resident of New York City, New York County, State of New York.

4.        At all times hereinafter mentioned, the Defendant Police Officers were employees
of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.")
acting within the scope and authority of his employment.  They are sued individually and in their
official capacities as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about January 22, 2012, at approximately 8:00 A.M., plaintiff was on his way home after working until 5:00 a.m. at Logan's Restaurant in Coney Island, New York.,

10. Plaintiff had boarded the "E" train in lower Manhattan, as his usual train, the "R", was not running.

11. It was a snowy Sunday morning and the train was practically empty.

12. Plaintiff was tried after working all night, so he lied down on two seats.

13. The defendant officers approached him and him and proceeded to speak to him.

14. As plaintiff did not speak English, he did not understand what the police were saying to him.

15. Then, the police officers took him off the train and proceeded to arrest him.

16. Plaintiff did not resist, but nonetheless the police proceeded to hit and kick him.

17. Plainitff was knocked unconscious and was taken by the police to Bellevue Hospital for treatment.

2

18.     Plaintiff was charged with Occupying Multiple Seats in a Transit Facility and Resisting Arrest.

19.     After spending approximately 24 hours in custody, he was released after seeing a judge at arraignment.

20.     On June 11, 2012, plaintiff accepted an ACD.

21.     On December 10, 2012, the case was dismissed.

22.     Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

23.   Defendant City and N.Y.P.D. knew or should have known that prior to this arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants officers was occurring, in that there were reports of such unlawful conduct by these specific officers

24.   Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

FIRST CAUSE OF ACTION
<u>FOR VIOLATION OF CIVIL RIGHTS</u>
(EXCESSIVE FORCE)

25.   Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

26.     As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in

violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

27.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

28.  As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Claim)

29.  Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

30.  Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and plaintiff, violating plaintiff's rights to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31.  As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.  Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the

4

Constitution of the United States and violated Plaintiff's rights under State law; and,

2.   Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.   Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4.   Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.


<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
        February 26, 2014

**RESPECTFULLY,**


**/s/**


**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325Broadway, Suite 505
 New York 10007
(212) 941-8330
(SH-0585)

5

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
        February 26, 2014

                                   /s/
                        _____
                        STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

RAMON PONCE,

                          Plaintiff,

                                                              VERIFIED
                                                              COMPLAINT
          -against-                                           AND DEMAND FOR
                                                              <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER JOHNSON
JACQUES, SHIELD # 05307 N.Y.C.
POLICE OFFICERS "JOHNDOE 1 & 2",
AND N.Y.C. POLICE OFFICER "JANE DOE",
SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES,

                          Defendants.

--------------------------------------------------------X

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325Broadway, Suite 505
New York 10007
(212) 941-8330
(SH-0585)